# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

04 FEB -9 PM 1:19

IRA S. DIZENGOFF
212.872.1096/fax 212.872.1002
idizengoff@akingump.com

February 5, 2004

VIA OVERNIGHT

Honorable U.W. Clemon
Chief Judge of the United States District Court
United States District Court for the Northern District of Alabama, Eastern Division
Hugo L. Black United States Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203

Re:   In re Solutia Inc., et al., United States Bankruptcy Court, Southern District of New York, Case No. 03-17939 (PCB); United States of America v. Pharmacia Corp., f/k/a Monsanto Company and Solutia Inc., Case No. 02-C-0749-E (the "Anniston Proceeding")

Dear Chief Judge Clemon:

As you may know, this firm represents the Official Committee of Unsecured Creditors (the "Committee") of Solutia Inc., et al. On December 17, 2003, Solutia Inc. ("Solutia") and certain of its affiliates (collectively, the "Debtors") filed petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Subsequently, on January 5, 2004, the United States Trustee for the Southern District of New York appointed the Committee. The Committee, which is a statutorily formed entity, is the fiduciary representative of all unsecured creditors of the Debtors. While we recognize that the Committee is not a party in interest to the Anniston Proceeding, we believe that it is appropriate for this Court to consider the views of the fiduciary representative of all Solutia's unsecured creditors. We respectfully request that this Court consider this letter in any adjudication of the referenced disputes.

The Committee was recently informed of the filing of the Notice by Pharmacia Corporation of Expected Default by Defendant Solutia Inc. (the "Pharmacia Notice") in the United States District Court for the Northern District of Alabama, Eastern Division, which, according to the Pharmacia Notice, relates to, among other things, Solutia's intent to default upon an educational trust fund installment, required by this Court's Consent Decree and Order (the "Consent Decree") entered in the Anniston Proceeding.



AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Honorable U.W. Clemon, Chief Judge
February 5, 2004
Page 2

The Committee believes that as a matter of bankruptcy law, Solutia is precluded from paying the education trust fund installment referenced in the Pharmacia Notice, among other obligations referred to in the Consent Decree, and enforcement of that payment obligation is stayed by Bankruptcy Code section 362. While Pharmacia apparently disagrees with the applicability of the Bankruptcy Code's automatic stay (as well as the prepetition dischargeable nature of the claims under the Consent Decree), these issues should be discussed and decided by the Bankruptcy Court presiding over the Debtors' cases.

Thank you for your time in reviewing this matter. If you have any questions or concerns regarding this matter, please do not hesitate to contact me.

Respectfully submitted,

*[signature]*

Ira S. Dizengoff

cc:   Daniel H. Golden, Esq.
      James S. Savin, Esq.
      Alan J. Topol, Esq.
      William J. Baxley, Esq.
      Joel E. Dillard, Esq.
      William S. Cox, III
      J. Mark White
      Cathleen S. Bumb, Esq.
      Craig Branchfield, Esq.
      Jeffrey N. Quinn, Esq.
      Richard M. Cieri, Esq.
      Conor D. Reilly, Esq.
      Myron Trepper, Esq.
      Bruce Zirinsky, Esq.